Filed 07/03/23  Marriage of Li and Chen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of HUA LI and WENJUAN CHEN. | H050276<br>(Santa Clara County<br>Super. Ct. No. 2011-6-FL-006424) |
| HUA LI,<br><br>     Appellant,<br><br>     v.<br><br>WENJUAN CHEN,<br><br>     Respondent. | |

Appellant Hua Li appeals from an order denying his request to modify child support obligation.  Li contends that the trial court should have recalculated his obligations due to the termination of his employment in May 2021.  Indeed, Li appears to have sought to eliminate all child support obligations.  A parent, however, is not relieved of support obligations whenever he or she loses his job.  Instead, income may be imputed based on a parent's earning capacity unless the parent presents evidence that he or she lacked the ability to find employment or had no reasonable opportunities to obtain further employment.  Li failed to present any evidence to the trial court concerning his earning capacity or even that he attempted to find a new job.  The trial court therefore had

adequate grounds for determining that Li failed to demonstrate a change in circumstances justifying a reduction in, much less an elimination of, his support obligations. We affirm.

## I. BACKGROUND

Li is a software engineer. In 2008, he had a child with respondent Wenjuan Chen. In 2019, after suspending Li's visitation rights, the trial court entered an order setting Li's monthly child support obligation at the guideline amount of $1,362, plus an additional $329 for extracurricular activities, for a total month obligation of $1,691, effective January 1, 2019. Between March 2020 and February 2021, the trial court entered three income withholding orders to deduct current and past-due child support from Li's income. Li's appeal from these orders was denied in February 2023. (See *Li v. Chen* (Feb. 28, 2023, B322897 [nonpub. opn.]).)

On May 25, 2021, NBC Universal Production, which had employed Li since 2012, terminated him in what Li described as a reorganization. The following day, Li requested that his child support obligations be modified in light of his unemployment, and he attached a printout of the California Child Support Services Guideline Calculator purporting to show that his monthly child support obligation should be reduced to zero based on his lack of any monthly income. Chen opposed Li's request, and the trial court denied the request at a hearing on October 28, 2021.

On November 10, 2021, Li filed a second request to modify child support. This time Li attached copies of his separation agreement from NBC Universal, a printout of unemployment insurance payment information, and a printout of the assessed value of his home. In addition, while he had not indicated any income in his prior request, he now indicated that he was receiving unemployment compensation of $1,950 per month. As Li recorded only $4,000 in cash, he does not appear to have accounted for the approximately $57,000 (equal to 18 weeks of his base salary) in severance pay promised by NBC Universal. Li once again calculated that his child support obligation to Chen should be

2

reduced to zero. Chen again opposed, and after a hearing on February 17, 2022, at which Li failed to appear, the trial found "no change in circumstance."

On March 15, 2022, Li filed a third request to modify child support, this time asserting that both his and Chen's income had significantly changed, with the change in his income resulting from his layoff. In addition to asserting that he missed the February 2022 hearing due to a mistake on the court's website, Li stated that he had stopped receiving unemployment insurance in February 2022 and that the child support he owed for another child had been reduced by the Alameda Superior Court. This time Li stated that he was receiving monthly rental income of $219. Li again attached a child support "[c]alculation [r]esults [s]ummary" proposing zero child support. Chen opposed, and on June 16, 2022, the trial court issued a minute order again denying Li's request to modify child support. On September 1, 2022, the trial court entered its findings and order after hearing, stating simply that "Petitioner's Request for Order to modify child support is denied."

On August 10, 2022, Li prematurely filed a notice of appeal of the trial court's June 16, 2022 minute order. On this court's own motion, his notice of appeal was deemed filed on September 1, 2022, the date the court's order was entered.

## II. DISCUSSION

We review child support awards and orders on requests to modify such awards for abuse of discretion. (*Y.R. v. A.F.* (2017) 9 Cal.App.5th 974, 982; *In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 357.) The abuse of discretion standard varies according to the aspect of the ruling under review: "[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted; but see *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1039 ["In the context of child support awards, which are highly regulated by the statewide uniform guideline, the only discretion trial

3

courts possess is the discretion provided by statute or rule."].)  However, before addressing whether the trial court abused its discretion, we consider what matters are before the Court.

A.  *Matters on Appeal*

Chen argues that Li has properly appealed only one of the trial court's orders denying his modification requests—the September 1, 2022 order adopting the June 16, 2022 minute order—and that this appeal should be deemed forfeited for failure to follow various procedural requirements.  We agree that this appeal is limited to the September 1, 2022 order, but, in the interests of justice, we decline to deem the appeal forfeited.

Chen argues that Li's notice of appeal referred only to the trial court's June 16, 2022 minute order, and therefore this Court has no jurisdiction to review the preceding orders dated October 28, 2021 and February 17, 2022.  We agree.  As the notice of appeal refers to "the minute order" denying Li's request for modification, we construe his appeal to be solely from the September 1, 2022 order incorporating the June 16, 2022 minute order.  Accordingly, we do not consider either the October 2021 order or the February 2022 order.

We decline, however, to deem the appeal from the September 1, 2022 order forfeited.  Chen argues that we should do so because Li fails to mention the applicable standard of review, to coherently argue any issues, or to designate an adequate record. As Chen correctly observes, appellants are required to clearly state the issues on appeal, to make coherent legal arguments, and to designate an adequate record (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*)), and, if an appellant's arguments fails to satisfy these requirements, this court *may* pass by those arguments without discussion.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  Moreover, self-represented litigants such as Li are not exempt from these requirements.  (See, e.g., *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 [A

4

party that chooses to represent himself or herself " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' "].)

We have discretion, however, to "[d]isregard . . . noncompliance" with procedural requirements (Cal. Rules of Court, rule 8.204(e)(2)(C)), and that discretion is properly exercised where doing so serves the ends of justice. (See, e.g., *Nguyen v. Proton Technology Corp.* (1999) 69 Cal.App.4th 140, 145, fn. 7.) We conclude that is the case here. As California courts have long recognized, "parents being ordered to pay or receive child support deserve to know how the amount of the support was arrived at and that the process used is one that is fair and reasonable to both the payor and the payee." (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1041.) In addition to making compliance more likely, such transparency reduces the danger that the amount ordered will be a source of ongoing conflict between the parents (*ibid.*) and promotes "the public's respect for the family courts." (*In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 315.) Accordingly, we proceed to consider the merits of Li's appeal from the minute order incorporated into the September 2022 order.

B. *Modification of Child Support*

Li contends that that the trial court denied his request to modify child support obligations without reason and that those obligations should have been recalculated in light of the loss of his job and resulting change in financial status. Under California law, however, parents have a " 'fundamental parental obligation' " to support their children. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555 (*Leonard*); see also (Fam. Code § 4053, subd. (a)[1] ["A parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life."].) In addition, when a supporting parent seeks to modify a child support award, "The burden of proof to establish that changed circumstances warrant a downward adjustment in child

---

[1] Further unspecified statutory references are to the Family Code.

5

support rests with the supporting [parent]." (*Leonard*, *supra*, 119 Cal.App.4th at p. 556.) Although Li presented evidence to the trial court that his job with NBC Universal was terminated, he presented no evidence that his earning capacity as a software engineer was reduced, and therefore the trial court did not abuse its discretion in declining to find that changed circumstances warranted a downward departure.

California has adopted a uniform statewide guideline under which child support is calculated pursuant to "a complex formula based on each parent's income and custodial time with the child." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1245 (*McHugh*) [citing §§ 4050, 4055].) Under this formula, a parent's income is ordinarily determined by his or her salary and other actual income. (§ 4058, subd. (a).) A court, however, has discretion to consider "the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children . . . ." (§ 4058, subd. (b)(1).) In particular, it is appropriate to impute income to a noncustodial parent based on earning capacity where the parent has left or lost a job but remains capable of obtaining a new one. (*McHugh*, *supra*, 231 Cal.App.4th at p. 1247; *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1304 (*Bardzik*); *In re Marriage of Eggers* (2005) 131 Cal.App.4th 695, 701 (*Eggers*).)

In addition, where, as here, a parent seeks to reduce support due to a lost job, that parent bears the burden of proving that his or her earning capacity has been reduced or lost: " 'where the payor parent loses his or her job and seeks a reduction in court-ordered support based on the changed circumstances of lack of income, it will be the payor parent, as moving party, who bears the burden of showing a *lack* of ability and opportunity to earn income.' " (*McHugh*, *supra*, 231 Cal.App.4th at pp. 1246-1247, quoting *Bardzik*, *supra*, 165 Cal.App.4th at p. 1304; see also *Eggers*, *supra*, 131 CalApp.4th at p. 701 ["Father has the burden to prove that he either lacked the ability to find employment or had no reasonable opportunities to obtain employment."].)

Li failed to present any evidence to the trial court that his earning capacity was reduced, much less eliminated, as his latest calculations assume in limiting his income to his rental income. The record reflects that Li worked as a software engineer with NBC Universal and had done so since at least 2012. Li's gross income through his employer as of May 2021 consisted of approximately $3,200 per week, or more than $165,000 per year. Li did not present any evidence that he had lost his ability to work as a software engineer or that there was no opportunity for software engineers in Silicon Valley, where Li formerly worked. Indeed, Li presented no evidence that he made any attempt to seek new employment after NBC Universal terminated him in May 2021. Although on appeal Li argues that he endeavored unsuccessfully to find new employment and that the technology job market in Silicon Valley has become challenging due to several mass layoffs, the record contains no indication that such evidence was presented to the trial court. As a consequence, the trial court had ample basis for concluding that Li failed to satisfy his burden of proving that his earning capacity was reduced and modification of the support award warranted.

Li notes that in March 2022 the Alameda County Superior Court reduced Li's support payments for another child. There is, however, nothing in the record showing the evidence that Li presented in requesting a reduction in support payments for that child or the Alameda County Superior Court's rationale for granting that request. As a consequence, we cannot tell if the request made in that court presented a question similar to the one before us or whether we find the court's rationale for granting it persuasive.

Li also complains that the trial court in this matter failed to make any specific findings concerning imputed income. It is, however, a "fundamental principle of appellate procedure" that a trial court's rulings are "presumed to be correct." (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) A natural corollary to the presumption of correctness is the doctrine of implied findings: " 'the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by

7

substantial evidence.' " (*Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 197.) As a consequence, we conclude that the trial court determined that Li did not satisfy his burden of showing that he lacked the ability and opportunity to maintain his prior income as a software engineer and therefore he failed to show a change in circumstances warranting a modification in support.

### III.    DISPOSITION

The September 1, 2022 order denying Li's request to modify child support is affirmed.  In the interest of justice, the parties shall bear their own costs on appeal.

_____

BROMBERG, J.

WE CONCUR:

_____

LIE, ACTING P.J.

_____

WILSON, J.

*Li v. Chen*
H050276

9